O’NIELL, J.
Plaintiff, respondent in this proceeding, brought suit in the city court by the summary process allowed a landlord for possession of leased premises. He alleged that defendants occupied the premises under a verbal lease, at a rental of $150 per month, that they owed $75 balance due for rent for the last preceding month, and that notice to vacate the premises had been duly served upon defendants. They did not appear in court or answer the suit at or before the date and hour ‘fixed; and judgment was therefore rendered against them by default. On the same day, and soon after the judgment was rendered, their attorney came into court and filed a motion for a new trial, asking that the case be thus reopened in order that he might file h plea to the jurisdiction ratione materise. The motion was overruled. Thereupon, instead of asking for an appeal, defendants’ attorney applied to the court of appeal for a writ of prohibition, which was refused. In the meantime the city court issued and the constable undertook to execute a writ of ejectment; whereupon the present application was made for a writ of prohibition.
No answer has been filed, either by the judge of the city court or by the plaintiff, in response to the rule to show cause why the relief prayed for by defendants should not be granted.-
[1] Plaintiff, as respondent in this proceeding, has filed a printed brief, in which it is contended that the city court had jurisdiction of the case because the amount due for rent for the last preceding month, when the suit was filed, was less than $100, being only $75.
Article 143 of the Constitution limits the jurisdiction of the city court in New Orleans to cases in which the amount in dispute or the fund to be distributed does not exceed $100, exclusive of interest, and to suits for the ownership or possession of personal property not exceeding $100 in value, and to suits by landlords for possession of leased premises “when the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed that amount.”
It is argued in respondent’s brief that the unpaid balance of rent due for the last preceding month, when the suit was filed, was the same as the “rent for the unexpired term of the lease.” t But that is not true. The amount of rent for the unexpired term of a lease might be ever so much more or less than the amount due for a term already expired.
The amount of the monthly rent in this case being more than $100, the city court had not jurisdiction unless the rent for the unexpired term of the lease did not exceed $100. It is true plaintiff did not sue for the rent that was due; but that does not affect the question of jurisdiction of the suit for possession of the leased premises.
Without an answer on the part of either of the respondents, and without a copy of the record of the proceedings had in the city court, we do not know whether the rent for the unexpired term of the lease did or did not exceed $100. From the fact that the monthly rent exceeded $100, it appears that the city court did not have jurisdiction in the case.
[2] If relators’ complaint were any other than that the city court had not jurisdiction ratione materise, the fact that there was a remedy by appeal would be a good reason for a refusal on our part to exercise our supervisory jurisdiction. -But this remedy is always available to prevent an usurpation of jurisdiction.
The judgment of the city court is annulled, and it is ordered that a new trial be granted in order that the defendants, relators herein, may file their plea to the jurisdiction *1033 ratione materia;. The plaintiff in the city court, respondent herein, is to pay the cost’s of this proceeding. The costs in the city court are to depend upon the final judgment.
PROYOSTY, J„ dissents.